JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REAL PROPERTY LOCATED IN<br>DIAMOND BAR, CALIFORNIA,<br><br>　　　　Defendant.<br><br>VICTORIA CHAN<br><br>　　　　Titleholder. | NO.　CV 17-3895 MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

1

Plaintiff and potential claimants Victoria Chan and East West Bank ("potential claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Potential claimants Victoria Chan and East West Bank claim an interest in the defendant property, but have not filed claims in this case or answered the complaint. However, Victoria Chan and East West Bank would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Victoria Chan and East West Bank are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any right, title or interest therein. The legal description of the

defendant property, which property has Assessor Parcel Number 8713-010-001, is more fully described as follows:

> Parcel 1, Lot 7, of Tract No. 30578, in the City of Diamond Bar, County of Los Angeles, State of California, as per map recorded in Book 785 Page(s) 1 to 25 inclusive of Maps, in the Office of the County recorder of said County.
>
> Excepting therefrom all minerals, gas, oils, petroleum, naphtha, hydrocarbon substances and other minerals in or under said land, lying 500 feet or more below the surface of said land, as excepted and reserved in deed recorded in various Deeds of Records.
>
> Parcel 2, a non-exclusive easement to be used in common with others for ingress and egress over all those areas shown upon the map of Tract No. 30578, as "Private Streets" all over those areas shown upon the map of Tract No. 32089, recorded in Book 73, Pages 42 to 50 inclusive of Maps, in the Office of the County recorder of said County, as "Private Streets" said easement to be appurtenant to and from the benefit of the lot described above in Parcel 1
>
> Except therefrom any portion which falls within the lines of Parcel 1 above mentioned.

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of this Court. The United States shall thereafter sell the property as expeditiously as possible. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

    a. To the United States for its costs and expenses of the sale only (i.e. broker sales commission, any eviction and property maintenance fees);

| | | |
|---|---|---|
| 1 | b. | To the Los Angeles County Assessor and Tax |
| 2 | | Collector of all unpaid real property taxes |
| 3 | | assessed against the defendant property to the |
| 4 | | date of entry of the Judgment of Forfeiture; |
| 5 | c. | To East West Bank as follows: |
| 6 | i. | All unpaid principal and interest due under |
| 7 | | the Note which is secured by the Deed of |
| 8 | | Trust recorded as Instrument No. 2011- |
| 9 | | 1188589 against the defendant property |
| 10 | | identifying East West Bank as beneficiary |
| 11 | | ("First Deed of Trust") and under the note |
| 12 | | secured by a Deed of Trust recorded as |
| 13 | | Instrument No. 2016-0285579 against the |
| 14 | | defendant property identifying East West |
| 15 | | Bank as beneficiary ("Second Deed of |
| 16 | | Trust"), as of the date of the closing with |
| 17 | | respect to Plaintiff's sale of the defendant |
| 18 | | property; and |
| 19 | ii. | All other fees, costs and advances as |
| 20 | | provided under the terms of the Note and |
| 21 | | Deeds of Trust, as of the date of the |
| 22 | | closing with respect to Plaintiff's sale of |
| 23 | | the defendant property. These fees, costs |
| 24 | | and advances include, but are not limited |
| 25 | | to, fees, advances or costs for property |
| 26 | | taxes, insurance (including for hazard |
| 27 | | insurance), reasonable attorney fees and |
| 28 | | costs and fees and costs incurred in |

protecting East West Bank's security
                    interest including but not limited to fees
                    incurred on this case; and
          d.    The balance shall be paid and forfeited to the
                United States of America, and such funds shall be
                disposed of according to law.
     4.   Potential claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of potential claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Potential claimants have also waived any rights they may have to seek remission or mitigation of the forfeiture.  Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by potential claimants of any liability or wrongdoing.
//

5.  The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 6, 2017

_____
THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Prepared by:

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section